# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER SAESEE, | Case No.  1:22-cv-01301-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF JURISDICTION[1] |
| v. | |
| LYNCH, | OBJECTIONS DUE IN 14 DAYS |
| Respondent. | (Doc. No. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Petitioner Roger Saesee is a state prisoner proceeding *pro se* on his petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"), which was transferred by the Sacramento Division of the Eastern District of California to this Court on October 12, 2022.  (Doc. Nos. 1, 4). This matter is before the court for preliminary review.  Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  Under Rule 4, courts have "an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  The court may dismiss claims at screening

---
[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

for "easily identifiable" procedural defects. *See id*. Finding the Petition successive, the undersigned recommends that the Petition be dismissed.

## I.     BACKGROUND

Petitioner is challenging his 2006 conviction for murder in the first degree, shooting at a dwelling, and permitting another to shoot from a vehicle for which he was sentenced to life without parole with a concurrent term of twenty-five years to life imposed by the Tulare County Superior Court. (Doc. No. 1 at 1). To the extent discernable, the Petition raises one ground for relief: Petitioner's constitutional rights were violated when he was "excluded" from California Penal Code section 3051 as a defendant serving life without parole. (*Id*. at 5).

The Court takes judicial notice of its files and notes Petitioner filed two previous habeas petitions in this Court challenging the same conviction and sentence imposed by the Tulare County Superior Court: *Saesee v. Horel*, No. 1:08-cv-01152-OWW-JMD (denied on the merits with prejudice) and *Saesee v. Foulk*, 1:14-cv-01287-JLT (dismissed as successive). Petitioner's first petition was denied on the merits and his subsequent petition was dismissed as second or successive. Petitioner does not allege and there is nothing in the docket that shows Petitioner obtained an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition.

## II.     APPLICABLE LAW AND ANALYSIS

A second or successive petition that raises the same grounds as a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). Dismissal also is required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of Appeals to proceed. *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted by this

section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020). This court is mandated to dismiss a second or successive petition unless the Court of Appeals has given petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Because Petitioner has previously sought relief from this Court for the same conviction and sentence, the undersigned finds that the instant petition is an unauthorized successive petition prohibited by 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court lacks jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the Petition. *See Burton*, 549 U.S. at 157.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's

conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERED**:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED as successive.

2. No certificate of appealability be issued.

3. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4